IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-77,178-01 and WR-77,178-02






EX PARTE NATHANIEL JAMON WHITAKER, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 20663 AND 20665 IN THE 411TH DISTRICT COURT


FROM POLK COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus.
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted by
a jury in a single trial for robbery and aggravated robbery and was sentenced by the court to
10 and 25 years' imprisonment, respectively. The convictions and sentences were affirmed
on direct appeal in an unpublished opinion. Whitaker v. State, Nos. 09-09-00508-CR and 09-09-00509-CR (Tex. App. - Beaumont del. Oct. 6, 2010).

 In his writ application, Applicant raises several claims of ineffective assistance of trial
counsel. First, he complains trial counsel was ineffective for not seeking to challenge a venire
member for cause who later sat on the jury. Applicant alleges the juror knew Applicant
because Applicant had assaulted one of the juror's family members three years before.
Second, he complains counsel was ineffective for not urging a severance of the two offenses
so they would be tried separately even though he asked counsel to do so. Third, he complains
counsel was not prepared for trial when he had not obtained the victim's prior recorded
statement and when he failed to impeach a witness with the statement. Applicant also
complains his trial was fundamentally unfair because the biased venire member was selected
as a juror, there was no evidence supporting the affirmative deadly weapon finding, and the
trial court erred in trying the two causes together.

 Regarding his first two ineffective assistance of counsel claims and his claim of a
fundamentally unfair trial, Applicant has alleged facts that, if true, might entitle him to relief.
Strickland v. Washington, 466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96
(Tex. Crim. App. 2000). In these circumstances, additional facts are needed. As we held in
Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the
appropriate forum for findings of fact. The trial court shall conduct a live evidentiary hearing
on these claims. Before the hearing is held, the trial court shall determine whether Applicant
is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court
shall appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art.
26.04. 

 After the conclusion of the evidentiary hearing, the trial court shall make findings of
fact as to: whether trial counsel filed an objection to the joinder of prosecutions and, if he
did, when it was filed and whether a ruling on the objection made; whether trial counsel filed
a motion to sever the prosecutions, and if he did, when it was filed and whether a ruling on
the motion was made; whether trial counsel knew of the issue regarding the juror in question,
and if he did, when and how the issue became known to him; whether the performance of
Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance
prejudiced Applicant; and whether Applicant's trial was fundamentally unfair. The trial court
shall also make any other findings of fact it deems relevant and appropriate to the disposition
of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of the date of this order. If any
continuances are granted, a copy of the order granting the continuance shall be sent to this
Court. A supplemental transcript containing all affidavits and interrogatories or the
transcription of the court reporter's notes from any hearing or deposition, along with the trial
court's supplemental findings of fact and conclusions of law, shall be returned to this Court
within 120 days of the date of this order. Any extensions of time shall be obtained from this
Court. 


Filed: March 7, 2012

Do not publish